# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

RAMON JONES,

      Petitioner,     Case Number: 2:14-cv-12189
                 HONORABLE SEAN F. COX

v.

RANDALL HAAS,

      Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Ramon Jones has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is in the custody of the Michigan Department of Corrections pursuant to convictions for assault with intent to murder, Mich. Comp. Laws § 750.83. He seeks habeas relief on the ground that the trial court erred in denying his motion to withdraw his plea. The Court denies the petition.

## I. Background

Petitioner was charged in Isabella County Circuit Court with assault with intent to murder and habitual offender, fourth. He pleaded no contest to assault with intent to murder and being a second habitual offender. On October 16, 2008, he was sentenced to 19 to 30 years' imprisonment.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising this claim:

The trial court erroneously denied Mr. Jones' motion to withdraw his guilty plea prior to sentencing despite his consistent claim of innocence, coercive pressure by his counsel to plead and the insufficient factual basis to support a conviction for assault with intent to murder.

The Michigan Court of Appeals affirmed Jones's conviction. *People v. Jones*, No. 294684 (Mich. Ct. App. Dec. 22, 2009).

Jones filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Jones*, 486 Mich. 1044 (Mich. 2010).

Jones filed a motion for relief from judgment in the trial court raising these claims: (i) trial court erred in denying motion to withdraw plea; (ii) denied right to confront witnesses against him; (iii) erroneously bound over to Circuit Court; and (iv) good cause and actual prejudice are shown. The trial court denied the motion. *People v. Jones*, No. 08-215 (Isabella County Cir. Ct. Jan. 29, 2013). The Michigan Court of Appeals and Michigan Supreme Court denied his subsequent applications for leave to appeal. *People v. Jones*, No. 316524 (Mich. Oct. 15, 2013); *People v. Jones*, 495 Mich. 993 (Mich. 2014).

Jones then filed the pending habeas petition. He raises this claim:

The trial court erroneously denied Petitioner's motion to withdraw his guilty plea prior to sentencing despite his consistent claim of innocence, coercive pressure by his counsel to plead, and the insufficient factual basis to support a conviction for assault with intent to murder.

2

## II.  Standard

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 364-65, (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.*  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  *Id.* at 411.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a

3

'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (*quoting Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, –, 131 S.Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e Supreme] Court." *Id.*

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" Supreme Court precedent. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing

4

*Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979)) (Stevens, J., concurring)).  Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786–87.

Additionally, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. See 28 U.S.C. § 2254(e)(1).  A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III.  Discussion

Jones raises three claims related to the trial court's denial of his motion to withdraw his plea.  He claims the trial court erred in denying his motion to withdraw plea because he consistently maintained his innocence, was coerced to plead guilty by his attorney, and an insufficient factual basis supported his plea.

The United States Supreme Court has explicitly held that a criminal defendant may constitutionally enter a guilty plea even while protesting his innocence or declining to admit his commission of the crime. *North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970). "Because a trial court may accept a guilty plea even when it is coupled with a claim of innocence, *a fortiori* a court is not required to permit withdrawal of that plea merely because a defendant belatedly asserts his innocence." *Gunn v. Kuhlman*, 479 F. Supp. 338, 344 (S.D.N.Y.1979) (footnotes omitted).  Therefore, Jones's claim of actual

5

innocence is not cognizable on habeas review.  *See Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.").

Jones's claim that there was an insufficient factual basis to support the no contest plea is also not cognizable on habeas review.  "'[T]here is no constitutional requirement that a trial judge inquire into the factual basis of a plea.'"  *Bonior v. Conerly*, 416 F. App'x 475, 478 (6th Cir. Nov. 17, 2010), *quoting Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975); *see also Post v. Bradshaw*, 621 F.3d 406, 427 (6th Cir. 2010).  Thus, a state trial judge's failure to conduct an on-the-record inquiry into the factual basis of a plea does not serve as a basis for federal habeas corpus relief.  *Bonior*, 416 F. App'x at 478.

Finally, Jones argues that his plea was not knowingly and voluntarily made because his attorney coerced him into pleading guilty and was ineffective in failing to investigate possible defenses and failing to explore possible plea bargains.  To be valid, a guilty plea must be voluntarily and intelligently made.  *Brady v. U.S.*, 397 U.S. 742, 748-49 (1970).  The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences."  *Id.* at 748.  The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it."  *Id.* at 749.  A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not

6

correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent. *Id.* at 755, 757. "[T]he decision whether or not to plead guilty ultimately rests with the client." *Lyons v. Jackson*, 299 F.3d 588, 598 (6th Cir. 2002).

Before accepting Jones's plea, the trial court advised him of the rights he was giving up by pleading guilty, advised him of the terms of the plea agreement, determined that no promises, other than those encompassed in the plea agreement, had been made to Jones, and no one had threatened him to force him to enter the plea. Jones represented that he understood the terms of the plea agreement. In denying Jones's motion to withdraw his plea, the trial court held that Jones's plea was knowingly and voluntarily entered. The record supports this conclusion.

Jones also does not show that his plea was involuntary because his attorney did not engage in plea negotiations or investigate potential defenses. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the

Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotes omitted)).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

In guilty plea cases, the "performance" prong requires showing that defense counsel's representation fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985). The "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. The petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*; *see also*

8

*Smith v. United States*, 348 F.3d 545, 551-52 (6th Cir. 2003).

Petitioner argues that his attorney was ineffective in failing to investigate possible defenses or engage in plea bargaining. But, the argument does not go beyond these barebones assertion. In fact, the record shows counsel engaged in plea bargaining. Further, Petitioner's conclusory arguments that counsel failed to investigate possible defenses are insufficient to overcome the presumption that counsel rendered adequate assistance.

## IV.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that a court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition does not state a claim upon which habeas relief may be granted. Therefore, the Court will deny a certificate of appealability.

## V.  Conclusion

9

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas

corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED**

**WITH PREJUDICE.**


Dated:  March 3, 2015                          S/ Sean F. Cox
                                               Sean F. Cox
                                               U. S. District Judge


I hereby certify that on March 3, 2015, the foregoing document was served on counsel of
record via electronic means and upon Ramon Jones via First Class mail at the address
below:

RAMON JONES
462245
G. ROBERT COTTON CORRECTIONAL FACILITY
3500 N. ELM ROAD
JACKSON, MI 49201


                                               S/ J. McCoy
                                               Case Manager